[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Andrew Payne appeals his conviction for nonsupport of dependents in violation of R.C. 2919.21(A)(2). Pursuant to Anders v.California,[1] Payne's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Payne's appeal.[2] Appellate counsel has advised Payne that he has not found any prejudicial errors, and he asks us to review the record independently. Further, appellate counsel has filed a motion to withdraw as counsel pursuant to Anders.
Based on our review of the record,[3] we hold that it is devoid of prejudicial error.[4] There being no grounds to support a meritorious appeal, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is overruled.
Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Payne because he is indigent.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins, (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), Sandusky App. No. S-98-049, unreported.
[3] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.
[4] Although we note that the trial court could have made more specific findings relating to the R.C. 2929.13(B)(2)(a) factors, Payne has, based on our calculation, already served his time.